UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

MICHAEL S. ROMANO,

                           Plaintiff,

v.                                             Civil Action No. _____

ACCELERATED RECEIVABLES,

                           Defendant.

_____

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. INTRODUCTION**

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

**II. JURISDICTION AND VENUE**

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

**III. PARTIES**

4. Plaintiff Michael S. Romano is a natural person residing in the County of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Upon information and belief, Defendant, Accelerated Receivables, (hereinafter "Accelerated") is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6), with a principle place of business located at 339 W. Main Street, Arcade, New York 14009.

6. Defendant regularly attempts to collect debts alleged to be due another.

7. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

8. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

## IV. FACTUAL ALLEGATIONS

9. That Plaintiff incurred a debt to Zinzola Plumbing.  This debt will be referred to as "the subject debt."  Plaintiff disputed said debt with the original creditor.

10. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes.  As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

11. That upon information and belief, Defendant was employed by Zinzola Plumbing to collect on the subject debt.

12. That in or about July, 2010, Defendant began contacting Plaintiff, in an attempt to collect on the subject debt.

13. That in or about July, 2010, Plaintiff received a letter from Defendant stating Defendant's intention to collect the subject debt, with a 30-day validation notice.

14. That in or about July, 2010, Plaintiff contacted Defendant.  In the subject conversation, Plaintiff spoke with Defendant representative "Joyce."  Plaintiff explained to Defendant that he disputed the subject debt.  Thereafter, the conversation was terminated.

15. That in or about July, 2010, within 30 days of receiving the letter identified in paragraph 13, Plaintiff, in writing, disputed said debt and requested validation of the subject debt.  Defendant failed to provide said validation.

16. That in or about October or November, 2010, despite Plaintiff's request for validation and despite communicating that the subject debt was in dispute, Defendant reported the subject debt to Plaintiff's credit reporting agencies.

17. That in or about November, 2010, Plaintiff contacted Defendant representative "Joyce."  In the subject conversation, Plaintiff informed Defendant about the subject debt being placed on his credit report and that it was not recorded as disputed.  Plaintiff then requested validation of  said  debt.  Thereafter the conversation was terminated.

18. That in or about November, 2010, Plaintiff received a letter from Defendant.  In the subject letter, Defendant states that they are in receipt of Plaintiff's request for validation and that the subject debt was assigned to their office in error.  Defendant further apologizes and states that Plaintiff will not receive any further communications from Defendant, and that the necessary steps will be taken to remove the subject debt from Plaintiff's credit report.

19. That on or about January, 2011, despite Defendant's statements in the letter identified in paragraph 18, Plaintiff received a message on his answering machine from Defendant representative "Edward Osecki."  In the subject message, Defendant states that Plaintiff needs to return Defendant's call within 24 hours or a decision will be made regarding his account.

20. That on or about January, 2011, Plaintiff contacted Defendant in regard to the message left on his answering machine.  Plaintiff spoke with Defendant representative "Edward Osecki." In the subject conversation, Plaintiff explained how the subject debt was in dispute, that he received a letter from Defendant in November, 2010 stating the account was erroneously placed with Defendant for collection, and that collection calls from Defendant would cease. Plaintiff asked to speak with a supervisor and was promptly connected.  In the subject conversation, Plaintiff explained again about the letter he received from Defendant stating that the debt was erroneously assigned and that collection efforts would cease, and that Plaintiff already disputed the subject debt.  Defendant supervisor told Defendant that the subject debt was valid and that if it went any further, the subject debt would end up in court and that it would cost Plaintiff $2,500.  Defendant supervisor then offered to settle the subject debt for half price.  Plaintiff refused Defendant's settlement offer and again communicated that he disputed the subject debt.  Thereafter, the conversation was terminated.

21. That in or about January, 2011, Plaintiff received another letter from Plaintiff.  In the subject letter Defendant states that the subject debt was referred to Defendant for collection and that if Plaintiff did not fulfill his obligation within 45 days, the subject debt would be reported to the proper credit reporting agencies.

22. That despite Defendant's statements in paragraph 20, Defendant had not been authorized by Zinzola Plumbing to pursue legal action against Plaintiff, and did not intend to do so.

23. That as a result of Defendant's acts Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

### V. CAUSE OF ACTION

24. Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 through 23 above.

25. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

    A. Defendant violated 15 U.S.C. §1692g(b) by failing to cease collection efforts after receiving Plaintiff's request for validation of the subject debt.

    B. Defendant violated 15 U.S.C. §1692e and 15 U.S.C. §1692e(5) by stating to Plaintiff that if collection of the subject debt went any further, it would end up in court and Plaintiff would owe more than current balance of the subject debt, as described in paragraph 20 above. That Plaintiff understood Defendant's aforementioned statements, and the "least sophisticated consumer", as that term is defined by law, would have understood said statements to imply that Defendant would commence legal/adverse actions against Plaintiff or use of violence/criminal means to harm Plaintiff or his property unless he submitted to Defendant's demands. That despite said statements Defendant had neither the legal authority nor intent to take said action, making it a false, deceptive, and misleading representation in an attempt to collect the subject debt.

    C. Defendant violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(8), and 15 U.S.C. §1692e(10) by reporting the subject debt to credit reporting agencies without communicating that the subject debt was in dispute. Said action by Defendant was a false, deceptive, and misleading representation in an attempting to collect the subject debt.

    D. Defendant violated 15 U.S.C. §1692f by continuing to contact Plaintiff and by reporting the debt to Plaintiff's credit reporting agencies after sending a letter to Plaintiff stating that Plaintiff would no longer be contacted regarding said debt, that the debt was assigned to their office in error, apologizing to Plaintiff, and stating that all necessary steps were being taken to remove the account from Plaintiff's credit report. Said actions were unfair and unconscionable means to collect the subject debt.

26. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

    (a) Actual damages;

    (b) Statutory damages for pursuant to 15 U.S.C. § 1692k.

    (c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

    (d) For such other and further relief as may be just and proper.

### VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: April 4, 2011

                     /s/ Kimberly T. Irving_____
Kenneth R. Hiller, Esq.
Kimberly T. Irving, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: khiller@kennethhiller.com
      kiriving@kennethhiller.com