UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MICHAEL S. ROMANO,

                Plaintiff,

                                      **DECISION AND ORDER**
                                          11-CV-299A

       v.

ACCELERATED RECEIVABLES,

                Defendant.

---

**I.    INTRODUCTION**

Plaintiff Michael S. Romano filed a complaint in this case on April 7, 2011, accusing defendant Accelerated Receivables of multiple violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692–1692p.  Plaintiff served defendant with a summons and complaint, but defendant failed to answer or to appear.  On December 1, 2011, plaintiff filed a motion for default judgment seeking a total of $4,470.00 in statutory damages, costs, and attorney fees.  Given the allegations that defendant is deemed to have admitted by default, and given the itemization of costs and fees that plaintiff has submitted, the Court grants the motion and awards damages, costs, and fees in the amount of $3,664.00 as described below.

## II. BACKGROUND

This case concerns defendant's conduct in attempting to collect on a debt. At an unspecified time prior to July 2010, plaintiff incurred a debt to Zinzola Plumbing that falls within the FDCPA's definition of "debt." The complaint implies that the creditor claimed a debt of less than $2,500, and that plaintiff disputed the amount. By July 2010, the creditor referred the debt to defendant for collection. That month, plaintiff received a letter from defendant stating defendant's intention to collect the debt and providing a 30-day validation notice. Within 30 days thereafter, plaintiff disputed the debt with defendant by telephone and through a letter that requested validation of the debt. Defendant never provided validation. Despite failing to provide validation, and despite repeated objections from plaintiff, defendant continued to pursue the debt and reported the debt to credit bureaus. Defendant did not tell any credit bureaus that plaintiff disputed the debt. Defendant further threatened plaintiff that resistance would land him in court and would cost him $2,500, unless he agreed to settle the debt for half of that amount. Although defendant threatened legal action, it never intended to take such action and, in fact, did not have authorization from the creditor to pursue litigation.

In response to defendant's conduct, plaintiff commenced this case by filing his complaint on April 7, 2011. In the complaint, plaintiff accuses defendant of violating multiple sections of the FDCPA by pursuing collection without providing requested validation of the debt; by making deceptive and misleading

representations through its threats to litigate without authorization to do so; by making further deceptive and misleading representations through its reporting of the debt to credit bureaus without disclosing that the debt was in dispute; and by using unfair and unconscionable means to collect the debt through its pursuit of the debt after telling plaintiff that it would cease collection efforts.  Plaintiff served defendant through the New York Secretary of State, but defendant did not answer the complaint or otherwise appear within the time provided by Rule 12 of the Federal Rules of Civil Procedure ("FRCP").  Accordingly, plaintiff filed a request for an entry of default on August 1, 2011.  The Clerk of the Court filed an entry of default on August 2, 2011.  On December 1, 2011, plaintiff filed the pending motion for default judgment.  Plaintiff does not seek actual damages and does not request an evidentiary hearing.  Plaintiff does seek the maximum of $1,000.00 in statutory damages plus $3,470.00 in costs and attorney fees.

### III.   DISCUSSION

####   A.   *Liability*

"Federal Rule of Civil Procedure 55 is the basic procedure to be followed when there is a default in the course of litigation.  And it tracks the ancient common law axiom that a default is an admission of all well-pleaded allegations against the defaulting party."  *Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, 246 (2d Cir. 2004) (citation omitted).  Because defendant never answered or otherwise challenged the complaint, all allegations in the

complaint are now deemed admitted. Nonetheless, "[w]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages." *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) (citations omitted). The Court thus must assess what an appropriate award might be, keeping in mind that plaintiff has not requested an evidentiary hearing or actual damages. Pursuant to FRCP 55(b)(2), the Court will exercise its discretion not to schedule an evidentiary hearing because of the straightforward nature of plaintiff's request for damages, costs, and fees.

### B.   *Statutory Damages*

Section 1692k(a)(2)(A) of the FDCPA provides for statutory damages of up to $1,000.00 per plaintiff. *See also Savino v. Computer Credit, Inc.*, 164 F.3d 81, 86 (2d Cir. 1998) ("All that is required for an award of statutory damages is proof that the statute was violated, although a court must then exercise its discretion to determine how much to award, up to the $1,000.00 ceiling.") (citations omitted). Here, plaintiff seeks the maximum amount of statutory damages given the frequency and nature of defendant's harassing conduct. "In determining the amount of liability in any action under subsection (a) of this section, the court shall consider, among other relevant factors . . . the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." 15 U.S.C. § 1692k(b)(1).

In this case, defendant is deemed to have admitted to repeated collection efforts without providing the validation that plaintiff requested by telephone and in writing. Defendant further is deemed to have admitted to unfounded threats of litigation and to communication with credit bureaus that omitted plaintiff's dispute of the debt in question. Under these circumstances, the Court finds that an award of statutory damages in the amount of $500.00 will suffice to address all of the allegations now deemed admitted.

### C. Costs and Attorney Fees

The FDCPA authorizes successful litigants to receive "in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3). The prevailing plaintiff in an FDCPA action is entitled to an award of reasonable attorney fees and expenses regardless of whether any statutory or actual damages are awarded. *See Savino*, 164 F.3d at 87; *Pipiles v. Credit Bureau of Lockport, Inc.*, 886 F.2d 22, 28 (2d Cir. 1989) (citation omitted). As to how district courts should calculate attorney fees when such an award is appropriate, this Court has noted that

> A reasonable hourly rate is the "prevailing market rate," i.e., the rate "prevailing in the [relevant] community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 896 n.11, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984); *see also Cohen v. W. Haven Bd. of Police Comm'rs*, 638 F.2d 496, 506 (2d Cir. 1980) ("[F]ees that would be charged for similar work by attorneys of like skill in the area" are the "starting point for

> determination of a reasonable award."). The relevant community, in turn, is the district in which the court sits. *Polk v. New York State Dep't of Corr. Servs.*, 722 F.2d 23, 25 (2d Cir. 1983).
>
> Determination of the "reasonable hourly fee" requires a case-specific inquiry into the prevailing market rates for counsel of similar experience and skill to the fee applicant's counsel. *Farbotko v. Clinton County of New York*, 433 F.3d 204, 209 (2d Cir. 2005). This inquiry may include judicial notice of the rates awarded in prior cases, the court's own familiarity with the rates prevailing in the district, and any evidence proffered by the parties. *Id.* The fee applicant has the burden of showing by "satisfactory evidence" that the requested hourly rate is the prevailing market rate. *Blum*, 465 U.S. at 896 n.11.

*Fontana v. C. Barry & Assocs., LLC*, No. 06-CV-359, 2007 WL 2580490, at *2 (W.D.N.Y. Sept. 4, 2007) (Arcara, *C.J.*).

The Second Circuit has addressed the case law governing attorney fee calculations and explained that

> In [*Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 493 F.3d 110 (2d Cir. 2007), *amended on other grounds by* 522 F.3d 182 (2d Cir. 2008)], we undertook to simplify the complexities surrounding attorney's fees awards that had accumulated over time under the traditional "lodestar" approach to attorney's fees (the product of the attorney's usual hourly rate and the number of hours worked, which could then be adjusted by the court to set "the reasonable fee"), and the separate "Johnson" approach (a one-step inquiry that considered twelve specified factors to establish a reasonable fee). 493 F.3d at 114. Relying on the substance of both approaches, we set forth a standard that we termed the "presumptively reasonable fee." *Id.* at 118. We directed district courts, in calculating the presumptively reasonable fee, "to bear in mind all of the case-specific variables that we and other courts have identified as relevant to the reasonableness of attorney's fees in setting a reasonable hourly rate." *Id.* at 117 (emphasis in original). The presumptively reasonable fee boils down to "what a reasonable, paying client would be willing to pay," given that such a party wishes "to spend the minimum necessary to litigate the case effectively." *Id.* at 112, 118.

*Simmons v. N.Y. Trans. Auth.*, 575 F.3d 170, 174 (2d Cir. 2009).

Here, counsel for plaintiff has submitted an itemization of hours spent on this case. The line items appear reasonable, and the 15.3 total hours claimed are about the same as other FDCPA cases that the Court has adjudicated without evidentiary hearings. *See, e.g., Clark v. Brewer, Michaels & Kane, LLC*, No. 09-CV-188, 2009 WL 3303716, at *4 (W.D.N.Y. Oct. 14, 2009) (Arcara, *C.J.*) (approving 15.2 hours). The Court will make a minor adjustment in counsel's claimed hourly rate to reflect the $180.00 rate that it has awarded associates in recent FDCPA cases. *See, e.g., Hamilton v. Lombardo, Davis & Goldman*, No. 10–CV–1039, 2011 WL 2651102, at *3 (W.D.N.Y. July 6, 2011) (Arcara, *J.*) ("[R]ecent cases in this District set reasonable attorney rates in debt collection cases at $215 per hour for partners, $180 per hour for associates, and $50 per hour for paralegals.") (citations omitted). Taking the above factors into account, the Court awards plaintiff a total of $2,754.00 in attorney fees.

Lastly, the Court agrees with counsel's request for reimbursement of the $350.00 filing fee that she incurred, along with the $60.00 fee that she incurred for service of process.

Plaintiff's award for costs and fees thus totals $3,164.00.

IV.   **CONCLUSION**

For all of the foregoing reasons, the Court awards plaintiff $500.00 in statutory damages and $3,164.00 in costs and attorney fees, for a total award of $3,664.00.

Since all proceedings here now have concluded, the Clerk of the Court shall close this case upon entry of judgment.

SO ORDERED.

*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: December 7, 2011